

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00485-CV

**IN THE INTEREST OF A.R.P.**, a Child

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 18-0449-CV-A
Honorable Thomas Nathaniel Stuckey, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
    Marialyn Barnard, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed: November 28, 2018

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant Mother ("Mother") appeals the trial court's order terminating her parental rights to her child A.R.P. For the reasons given below, we affirm the trial court's order of termination.

### BACKGROUND

The Texas Department of Family and Protective Services filed this suit seeking termination of Mother's parental rights to her child A.R.P. After a bench trial, the trial court found three independent grounds to terminate Mother's parental rights.[1] The trial court also found that termination was in

---

[1] Specifically, the trial court found Mother: (1) knowingly placed or knowingly allowed A.R.P. to remain in conditions or surroundings that endangered her physical or emotional well-being; (2) engaged in conduct or knowingly placed A.R.P. with persons who engaged in conduct that endangered her physical or emotional well-being; (3) had her parent-child relationship terminated with respect to another child based on a finding that her conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), and (M).

A.R.P.'s best interest. The trial court signed a termination order and designated the Department to be the child's permanent managing conservator. Mother timely appealed the trial court's order.

*ANDERS* **BRIEF**

Mother's court-appointed counsel filed a motion to withdraw and a brief containing a professional evaluation of the record. In his brief, counsel concludes there are no non-frivolous issues to be raised on appeal, and the brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures to parental rights termination cases). Counsel also certifies in his motion to withdraw that he provided Mother with a copy of the *Anders* brief, his motion to withdraw, and a form to request a free copy of the appellate record. Counsel further certifies he sent Mother a letter advising her of her rights to review the record and file a pro se brief. The record contains a copy of such letter.

We therefore ordered Mother to file a pro se brief, if any, not later than September 25, 2018. Mother did not request a copy of the record; however, she filed a letter which we construe as a pro se brief. In her pro se brief, Mother does not challenge the sufficiency of the evidence to support the termination of her rights, but rather asks this court to give her a "last chance to make it right."

Having carefully reviewed the entire record and counsel's brief, we agree with counsel that the appeal is without merit and we conclude the evidence is legally and factually sufficient to support the trial court's findings by clear and convincing evidence. We further conclude there are no plausible grounds to reverse the termination order. Thus, we affirm the trial court's order.

**MOTION TO WITHDRAW**

In his motion to withdraw, appellant's court-appointed appellate counsel does not assert any ground for withdrawal other than his conclusion that the appeal is frivolous. Because counsel's duty to his client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court, we deny counsel's motion to withdraw. *See id.* at 27; *see also* TEX. FAM. CODE ANN. § 107.016(3); *In Interest of A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston

[1st Dist.] 2016, pet. denied) ("If the mother wishes to pursue an appeal to the Supreme Court of Texas, 'appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.'").

## CONCLUSION

Based on the foregoing, we affirm the trial court's order terminating Mother's parental rights and deny counsel's motion to withdraw.

Marialyn Barnard, Justice